Exhibit I To Attorney's Certification -- Letter From
Debtor Regarding Chapter 7 Filing

**Christopher Bouzy**
184 Main St. Apt 3
Lodi, New Jersey 07644

Phone: 212-810-0830
Email: cbouzy@gmail.com

August 19, 2019

<u>VIA FAX (201-221-0635)</u>
Honorable Joseph R. Rosa, Jr. J.S.C
Superior Court of New Jersey
Law Division - Bergen County
Special Civil Part
10 Main Street
Hackensack, New Jersey 07601

RE: Nicole Cemelli vs Christopher Bouzy [ LT-3917-19]

Dear Judge Rosa:

I am the Defendant in [Docket # LT-3917-19], and I filed for Chapter 7 bankruptcy [Case # 19-25881] as evidenced by the attached.

The matter is scheduled for August 20, 2019.

By reason of S. 362 of the Bankruptcy Code, the Plaintiff is restrained from proceeding with this action.

I am sending a copy of this letter to the Plaintiff by email informing her of the bankruptcy.

Best regards,

Christopher Bouzy

cc: Nicole Cemelli (via email)

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
District of New Jersey

Case number (if known): **19-25881**

Chapter you are filing under:
☒ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

U.S. BANKRUPTCY COURT
FILED
NEWARK, NJ

2019 AUG 16   A 10: 46

JEANNE A. NAUGHTON

BY: _____
DEPUTY CLERK

pd - 335.00

☐ Check if this is an amended filing

## Official Form 101
## Voluntary Petition for Individuals Filing for Bankruptcy            12/17

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filir joint case—and in joint cases, these forms use *you* to ask for inforr the answer would be yes if either debtor owns a car. When informal *Debtor 2* to distinguish between them. In joint cases, one of the spo same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are information. If more space is needed, attach a separate sheet to this (if known). Answer every question.

```
Case # : 19-25881-071+
Debtor.: CHRISTOPHER ELLIS BOUZY
Chapter: 071+
------------------------------------
Filed : August 16, 2019  10:54:48
Deputy : CAMMY GINGERELLI
Receipt: 539829
Amount : $335.00
------------------------------------
RELIEF ORDERED
Clerk, U.S. Bankruptcy Court
District Of New Jersey
```

### Part 1: Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name** Write the name that is on your government-issued picture identification (for example, your driver's license or passport). Bring your picture identification to your meeting with the trustee. | Christopher — First name<br>Ellis — Middle name<br>Bouzy — Last name<br>_____ Suffix (Sr., Jr., II, III) | _____ First name<br>_____ Middle name<br>_____ Last name<br>_____ Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years** Include your married or maiden names. | First name<br>Middle name<br>Last name<br>First name<br>Middle name | First name<br>Middle name<br>Last name<br>First name<br>Middle name |

**Exhibit -- Landlady's Certification Regarding Related Chapter 7 Filing -- Jennifer Harrison Case No. 19-22088-JKS**

Nicholas Fitzgerald, Esq./NF6129
Fitzgerald & Crouch, P.C.
Attorney for Creditor -- Landlord -- Nicole Cemelli
649 Newark Avenue
Jersey City, NJ 07306-2303
(201) 533-1100

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY    --- NEWARK

| | |
|---|---|
| In re: | Case No. 19-22088-JKS |
| | Chapter 7 |
| Jennifer Harrison | |
|         Debtor | |
| | **Hon. John K. Sherwood** |
| | U.S.B.J. |
| | Date Case Filed: June 18, 2019 |
| ------------------------------------X | |

    I, Nicole Cemelli, being of full age and being the above named debtor's landlady, certify under penalty of perjury that:

    1. I make this certification at the request of my counsel in support of my motion for relief from the stay imposed pursuant to 11 U.S.C. §362.

    2. In April of 2019 I leased a 2,200 square foot apartment in the newly constructed building which I own located at 184 Main Street, Apt. 3 Lodi, New Jersey 07644 to the debtor, Jennifer Harrison and to Christopher Bouzy. See Copy of Lease Exhibit A.

    3. The tenants paid only 50% (one-half) of the rent for May and for June -- $1,350 as opposed to $2,700 each month.

    4. Because the tenants failed to pay the full rent I initiated an eviction action, *pro se*, against them under Landlord-Tenant case number LT-391719. See Exhibit B. An

eviction hearing was scheduled to take place on June 19, 2019.

5. On June 18, 2019, one day prior to the scheduled eviction action, Jennifer Harrison filed for Chapter 7 bankruptcy protection thereby stopping the eviction action. The debtor failed to file complete bankruptcy schedules and based upon that fact and the timing of her bankruptcy filing, it appears to me that the reason for her Chapter 7 bankruptcy filing was solely to delay my eviction action against her.

6. The debtor filed for Chapter 7 bankruptcy protection, not Chapter 13, and she has no right to continue to live in my apartment owing back rent and not tendering future rent as it comes due.

7. Christopher Bouzy, the joint tenant, has informed me that it is his and the debtor's intention to move.

8. This is the only building that I own and the tenant's failure to pay rent is putting me into severe financial distress.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: June 24, 2019

_____
Nicole Cemelli
Debtor's Landlady

**Exhibit A -- Copy of Lease**

Case 19-25881-VFP    Doc 10-2    Filed 08/22/19    Entered 08/22/19 16:25:14    Desc
Case 19-22088-JKS    Doc 8-2     Filed 06/24/19    Entered 06/24/19 12:53:14    Desc
Exhibits    Page 8 of 15
Exhibit A    Page 2 of 15

DocuSign Envelope ID: 0B3AC76D-9F49-4FDB-8F2D-5C78DC61D973



# NEW JERSEY REALTORS® STANDARD FORM OF RESIDENTIAL LEASE

©2001 New Jersey REALTORS®, INC.

**THIS IS A LEGALLY BINDING LEASE THAT WILL BECOME FINAL WITHIN THREE BUSINESS DAYS. DURING THIS PERIOD YOU MAY CHOOSE TO CONSULT AN ATTORNEY WHO CAN REVIEW AND CANCEL THE LEASE. SEE SECTION ON ATTORNEY REVIEW FOR DETAILS.**

## TABLE OF CONTENTS

1. CONDO/CO-OP RIGHT OF TERMINATION
2. PROPERTY
3. TERM
4. RENT
5. INITIAL DEPOSIT
6. SECURITY DEPOSIT
7. LATE PAYMENT PENALTY
8. ADDITIONAL RENT
9. POSSESSION AND USE
10. UTILITIES
11. NO ASSIGNMENT OR SUBLETTING
12. VIOLATION, EVICTION & RE-ENTRY
13. DAMAGES
14. QUIET ENJOYMENT
15. TENANT'S REPAIRS AND MAINTENANCE
16. LANDLORD REPAIRS
17. ACCESS TO THE PROPERTY
18. NO ALTERATIONS OR INSTALLATION OF EQUIPMENT
19. INSPECTION
20. INSURANCE
21. FIRE AND OTHER CASUALTY
22. LIABILITY OF LANDLORD & TENANT
23. PETS
24. NOTICES
25. NO WAIVER
26. SEVERABILITY
27. RENEWAL OF LEASE
28. FURNITURE
29. END OF TERM
30. ASSOCIATION BYLAWS, RULES & REGULATIONS
31. BINDING
32. ENTIRE AGREEMENT
33. ATTORNEY REVIEW CLAUSE
34. BROKER'S COMMISSION
35. LEAD-BASED PAINT DOCUMENT ACKNOWLEDGMENT
36. WINDOW GUARD NOTIFICATION
37. MEGAN'S LAW STATEMENT
38. CONSUMER INFORMATION STATEMENT ACKNOWLEDGMENT
39. DECLARATION OF LICENSEE BUSINESS RELATIONSHIP
40. ACKNOWLEDGMENT OF TRUTH IN RENTING STATEMENT
41. SMOKE DETECTORS, CARBON MONOXIDE ALARM AND PORTABLE FIRE EXTINGUISHER COMPLIANCE
42. PRIVATE WELL TESTING
43. SECURITY CAMERAS
44. MEGAN'S LAW REGISTRY
45. OTHER LEASE PROVISIONS

## RESIDENTIAL LEASE AGREEMENT

BETWEEN LANDLORD(S): NICOLE CEMELLI

whose address is/are 4 Red Oak Lane, Kinnelon, NJ 07405

AND TENANT(S): CHRISTOPHER BOUZY and JENNIFER HARRISON

whose address is/are 300 Avalon Dr #3476, Wood Ridge, NJ 07075

The word "Landlord" as used in this Lease means all of the landlords above listed. In all instances in which the Landlord may exercise rights or perform obligations under this Lease, it may do so through its authorized agents or representatives.

The word "Tenant" as used in this Lease means all of the tenants above listed.

1. **CONDOMINIUM/CO-OPERATIVE RIGHT OF TERMINATION:** (The following statement generally, as required by law, must be included in a lease for a condominium or cooperative unit.) THIS BUILDING IS BEING CONVERTED TO OR IS A CONDOMINIUM OR COOPERATIVE. YOUR TENANCY CAN BE TERMINATED UPON 60 DAYS NOTICE IF YOUR APARTMENT IS SOLD TO A BUYER WHO SEEKS TO PERSONALLY OCCUPY IT. IF YOU MOVE OUT AS A RESULT OF RECEIVING SUCH A NOTICE, AND THE LANDLORD ARBITRARILY FAILS TO COMPLETE THE SALE, THE LANDLORD SHALL BE LIABLE FOR TREBLE DAMAGES AND COURT COSTS.

2. **PROPERTY:** The Tenant agrees to lease from the Landlord and the Landlord agrees to lease to the Tenant (the single family home) (apartment # 3 ) (condominium unit # ____ ) (townhouse unit # ____ ) having a street address of 184 Main St located in LODI NJ 07644 , New Jersey (referred to as the "Property").



Tenant's Initials: [signed] Landlord's Initials: M

New Jersey Realtors® Form-125-4/17   Page 1 of 8
Serial#: 014343-400155-4677069
Prepared by: Luce Severino | Liberty Realty, LLC | lseverino@libertyrealty.com |

DocuSign Envelope ID: 0B3AC76D-9F49-4FDB-8F2D-5C78DC61D973

3. **TERM:** The Term of this Lease is for ___1year w/option+2 years(see paragraph 45)___ ☐(months)☐(years) starting on ___April 15, 2019___ and ending on ___April 30, 2020___. This is referred to as the "Term". If the Landlord is unable to give possession of the Property to the Tenant on the first day of the Term, the Landlord shall not have any liability to the Tenant. However, the Tenant shall not be liable for the payment of rent until the Landlord gives possession of the Property to the Tenant. If the Landlord fails to give possession of the Property within 30 days of the start date set forth above, then the Tenant may terminate this Lease by giving notice to Landlord. If the first day of the Term is delayed, then the last day of the Term shall be adjusted accordingly, so that the Term remains for the number of months or years above stated.

4. **RENT:** The rent for the Term of this Lease is $_____, to be paid as follows: $2,700.00 per month, which is due on the ___first___ day of each month. Rent shall be payable to: ___Nicole Cemelli___
___4 Red Oak Lane, Kinnelon, NJ 07405___
(NAME AND ADDRESS)

5. **INITIAL DEPOSIT:** Tenant has paid an initial deposit of $4,050.00 received on April 6, 2019 that will be credited towards _____ the first month's rent or __x__ the Security Deposit. The balance shall be paid as follows: First month's rent $1,350.00 Due on 4/15/19 - first months $2,700.00 due May 1, 2019, Security Deposit $_____ Due on _____

6. **SECURITY DEPOSIT:** The Tenant shall pay to the Landlord the sum of $4,050.00 (the "Security Deposit," which cannot exceed one and one-half months rent) to assure that the Tenant performs all of the Tenant's obligations under this Lease. If the Landlord collects any additional Security Deposit, the additional security collected annually shall not be greater than 10 percent of the current Security Deposit. Landlord shall comply with the Rent Security Deposit Act, N.J.S.A. 46:8-19 et seq. (the "Act"), unless this Lease is for owner occupied Property with not more than two rental units or is a seasonal tenancy of not more than 125 consecutive days. Any attempt to waive the requirements of the Act is prohibited and void as a matter of law.

The Act requires depositing the Security Deposit into a banking institution or investment company in New Jersey and notifying the Tenant in writing of the name and address of the banking institution or investment company, the type of account in which the Security Deposit is deposited or invested (for example, interest bearing or money market), the amount of the Security Deposit, and the current rate of interest for the account within 30 days of each of the following: (a) the Landlord's receipt of the Security Deposit from the Tenant; (b) the Landlord moving the deposit from one institution or fund to another (unless the move is due to a merger, in which case a notice to the Tenant must be within 30 days of receipt of notice by the Landlord of the merger if the merger occurs more than 60 days prior to the annual interest payment); or (c) the transfer or conveyance of ownership or control of the Property. Such notice also must be provided at the time of each annual interest payment. All interest earned on the Security Deposit shall be paid to the Tenant in cash or be credited toward the payment of rent due under this Lease upon the anniversary date of this Lease, the renewal of the Term or on January 31, if the Landlord gives the Tenant written notice that interest will be paid on January 31.

The Act also provides that, if the Landlord sells or conveys the Property during the Term of this Lease, the Landlord will transfer the Security Deposit plus the undistributed interest to the new owner. The Landlord shall notify the Tenant of the sale or conveyance, as well as the name and address of the new owner. The notice shall be given by registered or certified mail within five days after conveyance of title. After acquisition of the Property, the new owner shall be liable for investing the Security Deposit, making all interest payments, giving all notices and returning the Security Deposit as required under the Act, even if the Landlord fails to transfer the Security Deposit.

The Landlord shall inspect the Property after the Tenant vacates at the end of the Term. Within 30 days of the termination of this Lease, the Landlord shall return the Security Deposit plus the undistributed interest to the Tenant, less any charges expended by the Landlord for damages to the Property resulting from the Tenant's occupancy. The interest and deductions shall be itemized in a statement by the Landlord, and shall be forwarded to the Tenant with the balance of the Security Deposit by personal delivery, or registered or certified mail. The Security Deposit may not be used by the Tenant for the payment of rent without the written consent of the Landlord.

7. **LATE PAYMENT PENALTY:** If the Tenant does not pay the rent by the ___fifth___ day of the month, the Tenant shall pay a late charge of 5%+$20.-/day until the rent is received by Landlord. The late charge shall be added to the rent, and shall be considered as additional rent, which is defined in Section 8. In the event any rent check is returned unpaid due to insufficient funds, the Tenant agrees to pay the Landlord a $35.00 processing charge. In such event, the Landlord reserves the right to demand that future rent payments be made in cash, bank or certified check.

8. **ADDITIONAL RENT:** Landlord may perform any obligations under this Lease which are Tenant's responsibility and which Tenant fails to perform. The cost to Landlord for such performance may be charged to tenant as "additional rent" which shall be due and payable with the next installment of monthly rent. Landlord has the same rights against Tenant for failure to pay additional rent as Landlord has for Tenant's failure to pay monthly rent. This means that the Landlord may evict Tenant for failure to pay additional rent.

9. **POSSESSION AND USE:** The Landlord shall give possession of the Property to the Tenant for the Term of this Lease except as otherwise provided in this Lease. The Tenant shall occupy the Property only as a private residence, and will not use the Property for any business, trade or profession. The Tenant shall not store any flammable, dangerous or hazardous materials at the Property, other than ordinary household cleaning materials. The Property shall not be allowed to be vacant for any extended period of time.

Tenant's Initials: _____    Landlord's Initials: _____

New Jersey Realtors Form-125-4/17    Page 2 of 8
Serial#: 014343-400155-4677069
Prepared by: Luce Severino | Liberty Realty, LLC | lseverino@libertyrealty.com |

Case 19-22888-JKS    Doc 8-2    Filed 06/24/19    Entered 06/24/19 12:52:14    Desc
Exhibits A    Page 10 of 15

DocuSign Envelope ID: 0B3AC76D-9F49-4FDB-8F2D-5C78DC61D973

**10. UTILITIES:** The Tenant shall arrange to have the utilities transferred into Tenant's name prior to occupancy, and shall be responsible for paying the following utility services:  [X] Gas  [X] Electric  [X] Water  [X] Heat  [ ] Sewer  [ ] General Trash Disposal  [X] (Other) hot water _____. The Landlord shall provide and pay for the following utility services:  [ ] Gas  [ ] Electric  [ ] Water  [ ] Heat  [ ] Sewer  [X] General Trash Disposal [ ] (Other) _____. The Tenant agrees not to waste or unreasonably use any utility or appliance that is provided by the Landlord. Landlord shall not be responsible for any damage or loss caused to Tenant or Tenant's property because of an interruption in utility services over which Landlord has no reasonable means of control. Any such interruption shall not be grounds for Tenant to reduce or stop paying rent.

**11. NO ASSIGNMENT OR SUBLETTING:** The Tenant may not assign this Lease, sublet all or any part of the Property, or permit any other person to use the Property without the prior written permission of the Landlord. The Landlord may withhold such permission in Landlord's sole and absolute discretion.

**12. VIOLATION, EVICTION AND RE-ENTRY:** The Landlord reserves the right of re-entry. This means that if the Tenant violates the terms of this Lease, the Landlord may terminate this Lease and regain possession of the Property. This is done by a court proceeding known as an eviction. A complaint is served upon the Tenant and the Tenant must appear in court. The Landlord may also evict the Tenant for any other cause which is permitted by applicable law. When the eviction proceeding is concluded, the Landlord may regain possession of the Property.

**13. DAMAGES:** The Tenant is liable for all the Landlord's damages caused by the Tenant's breach of this Lease. Such damages may include loss of rent, the cost of preparing the Property for re-renting and a brokerage commission incurred finding a new tenant as a result of the Tenant's eviction or if the Tenant moves out prior to the end of the Term.

**14. QUIET ENJOYMENT:** The Tenant may occupy the Property without interference, subject to Tenant's compliance with the Terms of this Lease.

**15. TENANT'S REPAIRS AND MAINTENANCE:** The Tenant shall:
(a) Pay for all repairs, replacements and damages caused by the act or neglect of the Tenant, the Tenant's family, domestic employees, guests or visitors, which includes but is not limited to sewer and plumbing drainage problems caused by the Tenant.
(b) Keep and maintain the Property in a neat, clean, safe and sanitary condition.
(c) Cut the grass and maintain the shrubbery.
(d) Drive and park vehicles only in designated areas, if any.
(e) Take good care of the Property and all equipment, fixtures, carpeting and appliances located in it.
(f) Keep the furnace clean, and regularly change the furnace filters, if applicable.
(g) Keep nothing in the Property which is flammable, dangerous or which might increase the danger of fire or other casualty.
(h) Promptly notify the Landlord of any condition which requires repairs to be done.
(i) Use the electric, plumbing and other systems and facilities in a safe manner.
(j) Promptly remove all garbage and recyclables from the Property and place it at the curb (or other designated area) in the proper containers in accordance with the prescribed pick-up schedule.
(k) Not engage in any activity which may cause a cancellation or an increase in the cost of the Landlord's insurance coverages.
(l) Use no more electricity than the receptacles, wiring or feeders to the Property can safely carry.
(m) Obey all instructions, written or otherwise, of the Landlord for the care and use of appliances, equipment and other personal property.
(n) Do nothing to destroy, deface or damage any part of the Property.
(o) Promptly comply with all orders and rules of the Board of Health or any other governmental authority which are directed to the Tenant.
(p) Do nothing which interferes with the use and enjoyment of neighboring properties.
(q) Do nothing to cause any damage to any trees or landscaping on the Property.
(r) Keep the walks and driveway free from dirt, debris, snow, ice and any hazardous objects.
(s) Comply with such rules and regulations that may be published from time to time by the Landlord.

**16. LANDLORD REPAIRS:** The Landlord shall make any necessary repairs and replacements to the vital facilities serving the Property, such as the heating, plumbing and electrical systems, within a reasonable time after notice by the Tenant. The Tenant may be liable for the cost of such repairs and replacements pursuant to Section 15. The Landlord shall not be liable for interruption of services or inconvenience resulting from delays in making repairs or replacements if due to circumstances beyond Landlord's reasonable control.

**17. ACCESS TO THE PROPERTY:** The Landlord shall have access to the Property on reasonable notice to the Tenant in order to (a) inspect the interior and exterior of the Property, (b) make necessary repairs, alterations, or improvements, (c) supply services, and (d) show it to prospective buyers, appraisers, contractors or insurers. The Landlord may enter the Property without prior notice in the event of an emergency or if the Tenant is not home for more than seven consecutive days. If this Lease is not renewed as per Section 27 of this

Tenant's Initials: _____   Landlord's Initials: _____

Exhibit B -- Copy of Eviction Papers

BERGEN SPECIAL CIVIL PART
BERGEN COUNTY COURTHOUSE
BERGEN COUNTY JUSTICE CENTER
HACKENSACK NJ 07601-7680
(201) 221-0700

DOCKET NUMBER
LT-003917-19

CEMELLI
VS.
CHRISTOPHY CHRISTOPH

CV0220    JUNE 05, 2019

SUMMONS WAS ISSUED 06-05-19
A NON-JURY TRIAL HAS BEEN
SCHEDULED FOR THIS CASE
06-19-2019 AT 08:45AM

PLEASE REPORT TO:
JUDGE ROSA
COURT ROOM 414

NICOLE CEMELLI
782 5TH ST
SECAUCUS NJ
07094

neopost
06/07/2019
US POSTAGE $00.35⁰
ZIP 07601
041L1231377

## Appendix XI-X Verified Complaint - Nonpayment of Rent

**NOTICE:** This is a public document, which means the document as submitted will be available to the public upon request. Therefore, do not enter personal identifiers on it, such as Social Security number, driver's license number, vehicle plate number, insurance policy number, active financial account number, or active credit card number.

**Plaintiff or Filing Attorney Information:**

Name  Nicole Cemelli

NJ Attorney ID Number _____

Address  184 Main Street, Lodi, NJ 07644

Telephone Number  201-240-9360

Nicole Cemelli ,
    Name of Plaintiff(s)/Landlord(s),
    v.
Christopher Bouzy and Jennifer Harrison ,
    Name of Defendant(s)/Tenant(s).

Superior Court of New Jersey
Law Division, Special Civil Part
Bergen ▼ County
Docket Number: LT _____

Civil Action

**Verified Complaint
Landlord/Tenant**

☒ Non-payment of Rent
☐ Other (Required Notices Attached)

Address of Rental Premises: 184 Main Street, Lodi, NJ 07644

Tenant's Phone Number: 212-810-0830

1. The owner of record is (name of owner) Nicole Cemelli.

2. Plaintiff is the owner or (check one) ☐ agent, ☐ assignee, ☐ grantee or ☐ prime tenant of the owner.

3. The landlord ☐ did  ☒ did not acquire ownership of the property from the tenant(s).

4. The landlord ☐ has  ☒ has not given the tenant(s) an option to purchase the property.

5. The tenant(s) now reside(s) in and has (have) been in possession of these premises since (date) 04/15/2019, under (check one) ☒ written or ☐ oral agreement

6. ☐ Check here if the tenancy is subsidized pursuant to either a federal or state program or the rental unit is public housing.

7. The landlord has registered the leasehold and notified tenant as required by *N.J.S.A.* 46:8-27.

8. The amount that must be paid by the tenant(s) for these premises is $2,700.00, payable on the 1st day of each ☒ month or ☐ week in advance.

**Complete Paragraphs 9A and 9B if Complaint is for Non-Payment of Rent**

9A. There is due, unpaid and owing from tenant(s) to plaintiff/landlord rent as follows:

| | | | |
|---|---|---|---|
| $ 1,350.00 | base rent for | May | (specify the week or month) |
| $ | base rent for | | (specify the week or month) |
| $ | base rent for | | (specify the week or month) |
| $ 135.00 | late charge* for | May 7 (5% after 5 business days) | (specify the week or month) |
| $ 100.00 | late charge* for | May 8 - 12 ($20/day) | (specify the week or month) |
| $ 140.00 | late charge* for | May 13 - 19 | (specify the week or month) |
| $ | attorney fees* | | |
| $ | other* (specify) | | |

$ 1,725.00 TOTAL

\* The late charges, attorney fees and other charges are permitted to be charged as rent for purposes of this action by federal, state and local law (including rent control and rent leveling) and by the lease.

9B. The date that the next rent is due is (date) 06/01/2019.

If this case is scheduled for trial before that date, the total amount you must pay to have this complaint dismissed is (Total from line 9A) $ 1,725.00.

If this case is scheduled for trial on or after that date, the total amount you must pay to have this complaint dismissed is $ 4,425.00.
(Total from line 9A plus the amount of the next rent due)

These amounts do not include late fees or attorney fees for Section 8 and public housing tenants. Payment may be made to the landlord or the clerk of the court at any time before the trial date, but on the trial date payment must be made by 4:30 p.m. to get the case dismissed.

Check Paragraphs 10 and 11 if the Complaint is for other than, or in addition to, Non-Payment of Rent. Attach All Notices to Cease and Notices to Quit/Demands For Possession.

10. ☐ Landlord seeks a judgment for possession for the additional or alternative reason(s) stated in the notices attached to this complaint. **State Reasons:** (Attach additional sheets if necessary.)

_____
_____
_____
_____

11. ☐ The tenant(s) has (have) not surrendered possession of the premises and tenant(s) hold(s) over and continue(s) in possession without the consent of landlord.

WHEREFORE, plaintiff/landlord demands judgment for possession against the tenant(s) listed above, together with costs

Dated: 5/13/19

_____
(Signature of Filing Attorney or Landlord Pro Se)

_____
(Printed or Typed Name of Attorney or Landlord Pro Se)

## Landlord Verification

1. I certify that I am the ☒ landlord, ☐ general partner of the partnership, or ☐ authorized officer of a corporation or limited liability company that owns the premises in which tenant(s) reside(s).

2. I have read the verified complaint and the information contained in it is true and based on my personal knowledge.

3. The matter in controversy is not the subject of any other court action or arbitration proceeding now pending or contemplated and no other parties should be joined in this action except (list exceptions or indicate none):

4. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

5. The foregoing statements made by me are true and I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

At the trial plaintiff will require:

An interpreter            ☐ Yes  ☒ No   Indicate language _____

An accommodation for a disability   ☐ Yes  ☒ No   Required accommodation _____

Dated: 05/13/2019                   _____
                                    (Signature of Landlord, Partner or Officer)

                                    Nicole Cemelli
                                    (Printed Name of Landlord, Partner or Officer)