Nicholas Fitzgerald, Esq./NF6129
Fitzgerald & Crouch, P.C.
Attorney for Creditor -- Landlady -- Nicole Cemelli
649 Newark Avenue
Jersey City, NJ 07306-2303
(201) 533-1100

Attorneys for Creditor/Landlady -- I.D. # NF/6129

United States Bankruptcy Court
District of New Jersey -- Newark
---------------------------------X

| | |
|---|---|
| In re: | Case No. 19-25881-VFP<br>Chapter 7 |
| Christopher Ellis Bouzy | |
| Debtor | Hon. Vincent F. Papalia<br>U.S.B.J. |
| | Return Date:  9/24/19<br>10:00 a.m. |

---------------------------------X

## ATTORNEY'S RESPONSE TO PRO SE DEBTOR'S OPPOSITION FOR STAY RELIEF AS TO LEASED PREMISES

I, Nicholas Fitzgerald, the above named debtor's counsel, hereby certifies as follows:

1. I make this certification in response to the opposition filed to our client's, the debtor's landlady's, stay relief motion.

2. It is important to note that the within case is a Chapter 7 bankruptcy case -- not a Chapter 13 payment plan case wherein the debtor might be afforded the opportunity to cure the rent arrears in a timely fashion.

3. Since this is a Chapter 7 non-payment plan bankruptcy case, the appropriate forum for a dispute between a landlady and

her tenants regarding payment of post-petition rent is State Court, not bankruptcy court.

    4. The movant is only asking for stay relief to enable her to continue the landlord/tenant eviction action. If the debtor has defenses to the State Court eviction action or to the amount of post-petition rent owed, he can assert those defenses in landlord/tenant court. Accordingly, the debtor's Due Process rights vis-a-vis the landlord/tenant relationship are preserved after stay relief is granted.

    5. Among other things, the debtor claims that rent was not paid becuase the building is in a flood zone and because the apartment was not "wired for cable."

    6. Although the apartment was initially not wired for cable, my client informed me that issue was corrected and my client further informed me that she compensated the debtor for that inconvenience.

    7. Even if the building is in a flood zone and even if it was not wired for cable, that doesn't permit the debtor to live rent free in the apartment or to live in the apartment at a reduced rental.

    8. As to the debtor's claim that he was never served with our stay relief motion, we mailed it to the debtor via regular first class mail and it was never returned to our office. The debtor has now responded so clearly the debtor received the motion. Furthermore, as to the within response, today September 17, 2019, I personally am mailing a copy to the debtor,

Christopher Ellis Bouzy, 184 Main Street, Apt. 3 Lodi, New Jersey 07644, which is the exact address on the PACER court docket.

9. I do think that the debtor and his live-in companion are using bankruptcy to delay their inevitable eviction. On June 18, 2019, one day prior to the scheduled eviction action, **Jennifer Harrison**, the co-tenant and not the debtor in the case at bar, filed for Chapter 7 bankruptcy protection under case number 19-22088-JKS thereby stopping the eviction action. She was represented by Leonard Singer, Esq., an experienced bankruptcy lawyer. Our law firm was retained to move for stay relief an we obtained a stay relief order on July 25, 2019. See Pacer docket entry number 13, In re Jennifer Harrison, Chapter 7 Bankruptcy Case No. 19-22088-JKS. In the Jennifer Harrison case, notwithstanding the fact that the debtor was represented by experienced bankruptcy counsel, no opposition was interposed to our stay relief motion.

10. After stay relief was granted in the Jennifer Harrison case, the eviction resumed. On August 16, 2019, just days prior to the August 20, 2019 eviction hearing date, Christopher Ellis Bouzy filed the within Chapter 7 case **again** stopping the eviction action.

11. It is clear to me that a game is being played here which is that first one tenant, Jennifer Harrison, files for Chapter 7 bankruptcy relief to stop the eviction action and then, after stay relief is granted, the other tenant files for Chapter

7 bankruptcy protection to stop the eviction -- just to buy more time in the apartment. Accordingly, we request *in rem* relief as to this lease to prevent a third bankruptcy filing from further delaying the eviction action.

    I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 17, 2019

                                              Nicholas Fitzgerald
                                              Attorney for Creditor -- Landlady -- Nicole Cemelli