**Christopher Ellis Bouzy**
184 Main Street #3
Lodi, NJ 07644
(212) 810-0830
Debtor in Possession

BANKRUPTCY COURT
FILED
NEWARK, NJ

SEP 20 P 1:31

JEANNE A. NAUGHTON
DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY --- NEWARK

| | |
|---|---|
| **Christopher Ellis Bouzy,**  Debtor. | Case No. 19-25881 |
| | Adv. Proc. No. |
| **Christopher Ellis Bouzy,** 184 Main St #3 Lodi, NJ 07644  Plaintiff, v. | **COMPLAINT** 11 U.S.C. § 362(k) |
| **Nicole Cemelli,** 782 5th St Secaucus NJ 07094  Defendant. | |

INTRODUCTION

1.   Prior to filing this lawsuit, plaintiff repeatedly gave defendant notice of his bankruptcy and asked defendant to stop harassing him with unwanted collection attempts. Defendant ignored plaintiff's requests and repeatedly attempted to collect pre-petition debt.

2. Plaintiff has a right to be free from unwanted collection attempts and verbal threats during his bankruptcy.



**Me**
Moving forward please address me as Mr. Bouzy and I will address you as Ms. Cemelli, thank you. Also, I would suggest you speak with your bankruptcy attorney because you just violated the stay restraining you from attempting to collect debt/payment(s). Actually, your landlord/tenant attorney violated the stay when he attempted to get me to agree to a deal after I notified you and him about the bankruptcy.
Sep 5, 2019 8:09 PM


**Nicole Cemelli**
Pay your rent.
Sep 5, 2019 9:19 PM


**Nicole Cemelli**
Stop being pathetic.
Sep 5, 2019 9:19 PM


**Me**
Does insulting me you feel better?
Sep 5, 2019 9:21 PM


**Nicole Cemelli**
The only thing I feel is sorry for you. Pay your rent. It's the right thing to do.
Sep 5, 2019 9:22 PM



**Nicole Cemelli**
If you're broke, move into a lower rent apartment somewhere else. Try to get help from the government for rent support. Do something. Don't just squat in my house and live off me. It's not right. I'm basically supporting your family. Does that make you feel like a man? Me paying for you to live?
Sep 5, 2019 8:17 PM

**Me**
Ms. Cemelli, please stop. You rented us an apartment without disclosing the flood zone, and you didn't disclose there were no communication cables coming into the building. At that time I asked you for a REASONABLE discount to compensate me for having to rent computing power while there was no internet, and you said no. We had no choice but to withhold rent, and you took us to court. When things started getting out of hand, I attempted on several occasions to settle with you, and made you a several fair offers before filing Chapter 7, and you didn't accept.
Sep 5, 2019 8:30 PM

3. Defendant's willful violation of the automatic stay caused plaintiff sleepless nights, upset stomach, headaches, and other significant emotional harm distinct from the inherent stress of the normal bankruptcy process.

## JURISDICTION

4. This Court has jurisdiction under 28 U.S.C. § 1334 because the automatic stay arises under Title 11.

5. Plaintiff Christopher Bouzy filed Chapter 7 bankruptcy in case number 19-25881 in the District of New Jersey -- Newark on August 16, 2019.

6. Defendant Nicole Cemelli, resides at 782 5th Street, Secaucus, NJ 07094.

7. Venue is proper because defendant attempted to collect from plaintiff while he was under the protection of the New Jersey Bankruptcy Court's automatic stay.

## NATURE OF CLAIM

8. Plaintiff's automatic stay claim is a core proceeding under 28 U.S.C. Â§ 157(b)(2) (see In re Gruntz, 202 F.3d 1074, 1081 (9th Cir. 2000); In re Goodman, 991 F.2d 613, 617 (9th Cir. 1993)) and plaintiff consents to entry of final orders and judgments by the New Jersey Bankruptcy Court in this adversary proceeding.

## FACTUAL ALLEGATIONS

9. This complaint's allegations are based on direct personal knowledge as to defendant's conduct and made on information and belief as to the acts of others.

10. Defendant received actual notice of the automatic stay in plaintiff's case from plaintiff multiple times, including by email, in-person, and via text messages.

11. After receiving actual notice of the automatic stay, defendant intentionally harassed plaintiff with coercive text messages, emails, and an in-person visit to Debitor's apartment attempting to collect its pre-petition debt.

12. Defendant's conduct as alleged above caused plaintiff sleepless nights, upset stomach, headaches, and other significant emotional harm distinct from the inherent stress of the normal bankruptcy process.

13. Defendant was notified after the second violation that she should consult with her attorney.

14. Defendant's conduct as alleged above was in pursuit of profit, and constituted a wanton, outrageous and oppressive violation of plaintiff's right to be free from collection activities during bankruptcy.

## CAUSE OF ACTION

## (11 U.S.C. § 362(k))

15. Plaintiff incorporates the allegations above by reference.

16. Defendant's violation of 11 U.S.C. § 362(a)(6) as alleged above was "willful" as that term is defined in the Ninth Circuit because its conduct was intentional, it had prior actual knowledge of the automatic stay from multiple sources, its conduct was unreasonable, and any alleged mistake of law was not a defense.

17. Under 11 U.S.C. § 362(k), plaintiff is entitled to compensation for actual damages, proportional punitive damages, and reasonable fees and costs from defendant in amounts to be decided by the Court.

## PRAYER FOR RELIEF

18. After a stipulation or determination that defendant willfully violated the automatic stay, plaintiff seeks relief as follows:

    **A. Money Judgment** in favor of plaintiff against defendant for compensatory and punitive damages.

19. Plaintiff also seeks any equitable relief this Court may determine is fair. Plaintiff may intend to amend this complaint to include additional claims as new information arise.

September 20, 2019

**RESPECTFULLY FILED,**

*/s/ Christopher Ellis Bouzy*
Christopher Ellis Bouzy

**Christopher Ellis Bouzy**
184 Main Street #3
Lodi, NJ 07644
(212) 810-0830
Debtor in Possession

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Christopher Ellis Bouzy | **DEFENDANTS** Nicole Cemelli |
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) Nicholas Fitzgerald |
| PARTY (Check One Box Only) ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin  ☐ Creditor  ☐ Other  ☐ Trustee | PARTY (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin  ☒ Creditor  ☐ Other  ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Violation of Automatic Stay 11 U.S.C. 362(k)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☒ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

*[Bankruptcy Court filed stamp: SEP 20 2019, Jeanne A. Naughton, Deputy Clerk, U.S. Bankruptcy Court, Newark, NJ]*

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Christopher Ellis Bovey | BANKRUPTCY CASE NO.<br>19-25881 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>New Jersey -- Newark | DIVISION OFFICE | NAME OF JUDGE<br>Papalia | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>9/20/19 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Christopher Bovey | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.